UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PAUL HOYT,

                                         Plaintiff,

     -against-

                                                          *COMPLAINT*

LONG ISLAND RAIL ROAD COMPANY,            PLAINTIFF
                                                          DEMANDS
                              Defendant.                         TRIAL
                                                                            BY JURY
-------------------------------------------------------------------X

Plaintiff complaining of the defendant by his attorneys, FLYNN & LAURIELLO PLLC, respectfully alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff **PAUL HOYT,** was employed by defendant LONG ISLAND RAIL ROAD COMPANY, hereinafter LIRR, as a LIRR conductor in the LIRR Transportation Department.

2. At all times hereinafter mentioned, plaintiff **PAUL HOYT,** was a LIRR employee in the course and scope of his work from and for the defendant.

3. Upon information and belief, that at all times hereinafter mentioned, LIRR, was a public benefit corporation duly organized and existing under and by virtue of the laws of the State of New York, and was doing business within the jurisdiction of this Court as an interstate common carrier by railroad.

## JURISDICTION

4. That at all times hereinafter mentioned, plaintiff and defendant were engaged in the furtherance of the business of the defendant railroad, to wit., the transportation of interstate commerce.

5. Plaintiff's cause of action against the defendant arises under the Act of Congress of April 22, 1908, Chapter 149, 35 Statute 65, as amended, commonly known as the Federal Employers' Liability Act, 45 USCA, Chapters 1 and 2, and the rules and regulations promulgated thereunder.

6. The Court has jurisdiction of the subject matter of plaintiff's cause of action against the defendant pursuant to 28 USCA Section 1331, Federal Question.

## LIABILITY

7. Upon information and belief, at all times hereinafter mentioned, defendant operated, managed and controlled the tracks, roadbed, grade crossing and their parts and appurtenances at North Phillips Avenue and the LIRR tracks at and near the LIRR Speonk Yard, Suffolk County, New York.

8. Upon information and belief, at all times hereinafter mentioned, the LIRR assigned plaintiff to deadhead from Speonk to Jamaica.

9. Upon information and belief, on December 31, 2016, plaintiff was walking from Speonk Yard to Speonk Station attempting to cross the grade crossing at North Phillips Avenue, when he was caused to lose his footing, lose his balance, slip, fall and sustain the injuries hereinafter set forth.

10. Upon information and belief, that the aforesaid occurrence was due to the violation by defendant "LIRR", its agents and/or employees of the Federal Employers' Liability Act, Chapter 2, 45 USC § 51, and the rules and regulations promulgated thereunder.

11. Upon information and belief, that the aforesaid occurrence was due solely and wholly to the carelessness and negligence of defendant, its agents and/or employees in causing, permitting and allowing the grade crossing and its appurtenances to be, become and remain unsafe, in causing, permitting and allowing the grade crossing to remain in use when it was, uneven, damaged, raised and otherwise unfit for use; in failing to properly adequately and succulently inspect, install, place, support and test the grade crossing and in otherwise being careless and negligent, and due to no fault or lack of care on the part of the plaintiff herein.

## INJURIES AND DAMAGES

12. Upon information and belief, as a result of the foregoing, plaintiff sustained injuries to his left shoulder, arm, ribs, and his body, shock to his nervous system, anxiety,

stress, and suffering; has suffered, suffers and will suffer physical pain, mental anguish, and the loss of the enjoyment of the pursuits and pleasures of life and other personal injuries; some of which are and will be permanent in nature; that plaintiff has received, receives and will receive medical, hospital and health care treatment and care and has and will incur expenses for medical, hospital, and health care providers and health care treatment; and from time to time, has been, is and will be confined to bed and home as a result thereof; plaintiff has lost, and will lose time from employment, employment earnings, and/or employment perquisites; all to his damage in a sum not exceeding $1,000,000.00.

WHEREFORE, plaintiff demands judgment against the defendant in a sum not exceeding $1,000,000.00, together with the costs and disbursements of this action.

Dated: December 27, 2017
New York, New York

FLYNN & LAURIELLO PLLC
Attorneys for Plaintiff

BY _____
VALERIE J. LAURIELLO (VL6192)
Attorney at Law
Office & P.O. Address
5 Penn Plaza – 23rd Floor
New York, New York 10001
Tel. 212-896-3812
Fax 866-855-3813
VJLauriello@MDFlynnLaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**PAUL HOYT,**

                                            Plaintiff,

-against-

**LONG ISLAND RAIL ROAD COMPANY,**

                                            Defendant.

---

## COMPLAINT

---

**FLYNN & LAURIELLO PLLC**
**Attorneys for Plaintiff**
5 Penn Plaza – 23rd Floor
New York, NY 10001
212-896-3812